CITY OF GRAND HAVEN v. GRAND HAVEN WATERWORKS.[1]

1. WATERWORKS — FIRE PROTECTION — ACCOUNTING BY CITY — MEASURE OF COMPENSATION.

A city, upon an accounting with a private water company for the use of its hydrants for fire protection throughout a series of years, will be charged, in the absence of better *data* for measuring the compensation, with interest and depreciation upon the cost to the city of a plant of its own up to the time such plant was acquired, and, after such time, with an equitable allowance per gallon for water actually furnished to the city by the private company.

2. SAME—TAXATION OF MAINS—PERSONALTY.

A personal tax levied upon the mains of a water company prior to Act No. 206, Pub. Acts 1893, § 8, subd. 16, authorizing the assessment of such fixtures as personal property, was without jurisdiction and void.[2]

Appeal from Ottawa; Padgham, J. Submitted October 20, 1898. Decided April 18, 1899.

Bill by the city of Grand Haven against the Grand Haven Waterworks for the rescission of a contract. On a former appeal ( 99 Mich. 106 ) the Supreme Court granted complainant the relief prayed, but remanded the case for an accounting as to the amount complainant was equitably bound to pay for services rendered by defendant. From a decree fixing the allowance at $1,500, defendant appeals. Additional allowance granted.

*George A. Farr*, for complainant.

*A. Howell*, for defendant.

MONTGOMERY, J. This case was before the court at the

---

[1] Rehearing (defendant's application) denied July 11, 1899.

[2] On the question what constitutes real estate for purposes of taxation, there is a note collecting the authorities to the case of *Oskaloosa Water Co.* v. *Board of Equalization,* (Iowa) 15 L. R. A. 296.

October term of 1893, and a decision rendered, which is reported in 99 Mich. 106. The relations of the parties are fully stated in the opinion of Mr. Justice LONG. It was there determined that the defendant had failed to comply with the terms of its contract, and that the complainant had exercised its right to rescind. The case was remanded to the court below for an accounting for the use of hydrants; it having been determined that it was equitable that it should pay for whatever use had been made of the hydrants for fire purposes. This accounting has been had, and from a decree fixing the allowance to the defendant at the sum of $1,500 the defendant appeals, claiming that the allowance is inadequate.

We have found difficulty in fixing a basis upon which to base an estimate of the value of the services which the defendant rendered to the city. The circuit judge found the same difficulty, and could find no other basis than to estimate the actual number of gallons actually furnished by defendant for use at fires; and, estimating the price of this water at 50 cents per 1,000 gallons, he reached the result stated. There is apparently some injustice in this basis of computation, for the reason that the cost of maintaining pressure for fire purposes is greater than the cost of maintaining pressure for the ordinary domestic uses of water, and for the further reason that the computation leaves out of the account the occasions when, upon notice of fires, extra pressure is provided for, at expense to defendant, although no water at all is thrown. If this apparent injustice can be avoided in any way by the use of any *data* appearing in the record, we feel that it should be done. If, however, as is contended by the complainant, no such *data* appear, we are powerless to relieve the defendant. Taking as a starting point the date of October 14, 1884, when the first fire occurred, down to the fall of 1887, when the city commenced to extend its own waterworks, during this period the city had an inadequate plant for fire protection,—worth, as testified by the witnesses, about $6,000. The deficiency of the city's plant was sup-

plied by the defendant, substantially. It appears by the testimony of an expert called by the complainant that the cost of a plant which would furnish adequate fire protection would be about $20,000. It would appear, therefore, that the city was saved the interest and depreciation on $14,000, which, at the rate of 8 per cent., would amount to $1,120 per year. We do not overlook the testimony that the city had two steamers, but we do not gather from the record that they were used during this time. This condition continued for three years, when the city expended an additional $10,000. Upon the same basis for the following year, 1887–88, the saving to the city by the presence of the defendant's plant was $320. In the fall of 1888 the city expended a further sum of $6,000, so that from this time on another basis must be adopted. After this date, we discover no safer basis than that adopted by the learned circuit judge, viz., to base the allowance on the amount of water actually furnished; for, while we recognize that this may not adequately compensate the defendant, we have no better *data* upon which to base a decree. The cost to the defendant cannot be the criterion, for the reason that the defendant cannot profit by its own default, or subject the complainant to added expense by reason of its failure to live up to its contract. Upon this basis, the number of gallons used after this date was, substantially, 608,000, at the price adopted by the circuit judge amounting to $304, which, added to the amount previously allowed ($3,680), makes a total allowance of $3,984 to defendant.

A claim is made for water furnished the public schools of the city, but we discover no such claim set up in the answer, and cannot consider it.

The city claims, as a set-off, certain taxes assessed against the defendant. The taxes on the real estate would appear to have been satisfied by a sale to the State. As to the personal property tax, the evidence shows that an assessment was made of pipes in the ground, as personal property, in wards in which the company had no

abiding place. It would seem that there was, prior to 1893, no authority to assess these fixtures as personal property. *In re Des Moines Water Co.*, 48 Iowa, 331; *Com.* v. *Lowell Gaslight Co.*, 12 Allen, 75; *Providence Gas Co.* v. *Thurber*, 2 R. I. 15 (55 Am. Dec. 621). In 1893 this rule was changed by statute (Act No. 206, Pub. Acts 1893, § 8, subd. 16). The taxes in question were levied before this act took effect, and the assessment was made without jurisdiction.

The decree will be modified by allowing to defendant for the use of hydrants the sum of $3,984. The complainant will be permitted to offset the costs on the original hearing in this court, and the costs of the first hearing in the circuit, and the defendant will recover costs of this hearing in this court.

The other Justices concurred.